## Horn v. Commonwealth.

(Decided January 16, 1925.)

### Appeal from Floyd Circuit Court.

Criminal Law—Evidence Held Not to Sustain Conviction in View of Testimony that Offense was Not Committed Within Year Before Date of Indictment.—Evidence as to purchaser of liquor from

defendant while employed at a certain restaurant held not to sustain conviction for sale of liquor for beverage purposes in view of defendant's uncontradicted testimony that he had not been employed at such restaurant for more than a year next before date of indictment.

B. M. JAMES for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

Appellant was convicted of knowingly selling Jamaica ginger, an intoxicant, to one Harris for beverage purposes. For reversal it is insisted that the court erred in refusing to direct an acquittal, and that the verdict is flagrantly against the evidence.

The prosecuting witness, Harris, testified that he purchased of the defendant Jamaica ginger for beverage purposes, but stated that he could not say positively whether or not this occurred within twelve months next before the finding of the indictment, but that he was under the impression it was within that time; that he made the purchase from the defendant while he was employed at the Bull Creek restaurant.

Admitting the sale, the defendant testified positively that it was made more than twelve months before the finding of the indictment, and proved without contradiction that he had not worked at the restaurant for more than a year before the date of the indictment.

While we are not willing to say that the refusal to direct an acquittal was error, since the evidence of Harris for the Commonwealth probably was sufficient to carry the case to the jury under our scintilla rule, we are clearly of the opinion that the verdict is flagrantly against the evidence, since, as already stated, the witnesses agree that the sale was made while defendant was employed at the Bull Creek restaurant, and it is established without contradiction that he had not been so employed for more than a year next before the date of the indictment.

Wherefore the judgment is reversed, and the cause remanded for another trial consistent herewith.